**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANTIAGO ABREAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.      15-cv-8453 |
| | ) | |
| LUMA LLC, d/b/a, LOU MALNATI'S | ) | INJUNCTIVE RELIEF SOUGHT |
| PIZZERIA, | ) | |
| | ) | |
| Defendant(s). | ) | |

## COMPLAINT

Plaintiff, SANTIAGO ABREAU ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues LUMA LLC, d/b/a LOU MALNATI'S PIZZERIA ("Defendant") for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to the lawsuit occurred in Cook County, Illinois.

## PARTIES

3.      Plaintiff, SANTIAGO ABREAU, is a resident of the state of Florida residing in Palm Beach County, Florida, and is otherwise *sui juris.*

4.     Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of the Real Property, which is subject to this suit, and is located at 1120 North State Street, Chicago, Illinois, 60610 ("Premises") and is the owner of the improvements where the Premises is located.

5.     Defendant is authorized to conduct, and is in fact conducting, business within the state of Illinois.

6.     Plaintiff is an individual with numerous disabilities including moderately severe multiple sclerosis and is also paraparetic. These conditions cause sudden onsets of severe pain and require Plaintiff to use a wheelchair and substantially limit Plaintiff's major life activities. At the time of Plaintiff's visit at the Premises on July 18, 2015 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required accessible means of entry at the Premises. Plaintiff personally visited the Premises and dined at the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises, even though he was a "bona fide patron".  A true and correct copy of the Purchase Receipt is attached hereto for all purposes as Exhibit "1".

7.     Plaintiff will avail himself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

8.     Completely independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of

those that Plaintiff is able to access; tests all of those barriers of access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violation set forth herein. It is Plaintiff's belief that said violation will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

9. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 8 above as if fully stated herein.

10. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. §12182; *see also* 28 C.F.R. §36.508(a).

11. Congress found, among other things, that:

a. some 43,000,000 American have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3),(5) and (9).

12. Congress explicitly stated that the purpose of the ADA was to:

4

a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

13.     Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The Premises, which is the subject of this action, is a public accommodation covered by the ADA and must be in compliance therewith.

14.     Defendant has discriminated and continue to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

15.     Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

16.     Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to provide persons with disabilities with full and equal access to its facilities at

the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

17.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for each subsequent violation.

18.    Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and are discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Men's Restroom need more particularly described below[1]:

   a.  Providing a gate door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

   b.  Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

   c.  Failing to provide the minimum required circular turning clearance for a person with a disability due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§304, 304.3, 304.3.1, 603, 603.2 and 603.2.1.

---

[1] It is believed these same violations are present in the Women's Restroom.  However, due to Mr. Abreau's gender same could not be confirmed by Plaintiff.

    d.   Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1.

    e.   Failing to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

    f.   Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

    g.   Failing to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

    h.   Failing to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

    i.   Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

19.    Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and are discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found at the ordering counter at the Premises:

    a.   Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1 and 904.4.2.

20.    To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraphs 18 and 19 above.

21.     Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

22.     To date, the readily achievable barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

23.     Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make their establishment, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

24.     Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

25.     The violations alleged in paragraph 18 and 19 above are readily achievable to modify in order to bring the Premises or the Facility/Property into compliance with the ADA.

26.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies to the violations listed in paragraphs 18 and 19 above.

27.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. This Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

4. This Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and

5. This Court award such other and further relief as it may deem necessary, just and proper.

On Behalf of Plaintiff,

/s/ Ivo Tchernev
Ivo Tchernev, Esq.
Law Offices of Jacobson and Tchernev, Ltd.
33 N. Dearborn St., Suite 1907
Chicago, IL 60602
(312) 669-4441 Office
(312) 781-6732 Fax
legal@lawjtchicago.com
Illinois Bar Number: 6304132